**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-4378**

—————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ABDULLAH KHALIL MICHELLE,

        Defendant – Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Patricia Tolliver Giles, District Judge.  (1:24-cr-00222-PTG-1)

—————————

Submitted:  July 8, 2026                                     Decided:  July 28, 2026

—————————

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

—————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Lauren E.S. Rosen, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Nicholas Allan Durham, Assistant United States Attorney, Meredith Jean Edwards, Assistant United States Attorney, James Reed Sawyers, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abdullah Khalil Michelle pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and two counts of using, carrying, and brandishing a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2. The district court sentenced Michelle to 252 months' imprisonment, below his advisory Sentencing Guidelines range. On appeal, Michelle's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Michelle's sentence is procedurally and substantively reasonable. In particular, Michelle's counsel asserts that Michelle's sentence is procedurally and substantively unreasonable because the district court did not give sufficient weight to Michelle's arguments in mitigation and that Michelle's sentence is also substantively unreasonable because the district court afforded excessive weight to the need for deterrence and created unwarranted sentencing disparities between Michelle and his codefendants. Michelle has filed a pro se brief asserting: (1) there is no valid predicate "crime of violence" supporting either firearm conviction, (2) his guilty plea was entered under duress, (3) his trial counsel performed deficiently by failing to object to unspecified statements that Michelle made and that were later used to obtain his guilty plea, and (4) his appellate counsel failed to review the *Anders* brief with him before filing it. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Michelle's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Michelle knowingly and intelligently waived his right to appeal his convictions and sentence on any ground except for an ineffective assistance of counsel claim that is cognizable on direct appeal. We are thus satisfied that the appellate waiver is valid and enforceable.[1] We also conclude that the sentencing issues counsel pursues in the *Anders* brief fall squarely within the scope of the waiver.

Turning to Michelle's challenge to his § 924(c)(1)(A)(ii) convictions, we assume that the appellate waiver does not bar it and reject it on the merits. *See McCoy*, 895 F.3d at 364 (recognizing that an appellate waiver does not bar a defendant's claim that "a factual basis is insufficient to support [his] guilty plea"). The predicate "crime of violence"

---

[1] Although the district court did not mention the appellate waiver at sentencing when advising Michelle of his appellate rights, that omission does not negate the validity of the appellate waiver. *Hunter v. United States*, 146 S. Ct. 1702, 1710-11 (2026).

3

supporting each of Michelle's § 924(c)(1)(A)(ii) convictions is Hobbs Act robbery.[2]  And we have held that Hobbs Act robbery remains a "crime of violence" even after the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445, 470 (2019) (holding that residual clause of 18 U.S.C. § 924(c)(3)'s "crime of violence" definition is unconstitutionally vague).[3]  *See United States v. Ivey*, 60 F.4th 99, 117 (4th Cir. 2023); *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

As for Michelle's challenge to the voluntariness of his guilty plea, it falls outside the scope of the appellate waiver.  *See United States v. Cohen*, 888 F.3d 667, 683-84 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994).  Because Michelle did not move to withdraw his guilty plea or otherwise object to the adequacy of the Rule 11 hearing in the district court, we review the validity of Michelle's guilty plea for plain error only.  *See United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024).  Having reviewed the record, we conclude that the district court substantially complied with Rule 11 in accepting Michelle's guilty plea.[4]  We are also satisfied that Michelle was competent

---

[2] Michelle mistakenly believes that the predicate "crime of violence" supporting his § 924(c)(1)(A)(ii) convictions is conspiracy to commit Hobbs Act robbery.

[3] Michelle incorrectly argues that the Supreme Court's *Davis* decision invalidated 18 U.S.C. § 924(c) in its entirety.

[4] During the Rule 11 hearing, the district court did not advise Michelle of his rights to cross-examine witnesses and present evidence at trial.  *See* Fed. R. Crim. P. 11(b)(1)(E).  But the plea agreement mentions those two rights, and the district court discussed Michelle's rights to confront witnesses and present witness testimony.  We are thus satisfied that these omissions did not affect Michelle's substantial rights.  *See United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) ("In the Rule 11 context, th[e substantial (Continued)

to enter his guilty plea and that his guilty plea was knowing, voluntary, and supported by an independent factual basis. We thus affirm Michelle's convictions.

Insofar as Michelle asserts that he received ineffective assistance of trial or appellate counsel, we conclude that the face of the record does not reveal a potentially meritorious ineffective assistance claim. *See United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (recognizing that, when a defendant raises an ineffective assistance of trial counsel claim on direct appeal, "we will reverse only if it *conclusively appears in the trial record itself* that the defendant was not provided effective representation" (alteration and internal quotation marks omitted)); *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) ("Unless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal.").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver or not waivable by law. *See Hunter*, 146 S. Ct. at 1713-14 (identifying examples of claims that may escape appellate waiver). We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and otherwise affirm. This court requires that counsel inform Michelle, in writing, of the right to petition the Supreme Court of the United States for further review. If Michelle requests that a petition be filed, but counsel believes that

---

rights] inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." (internal quotation marks omitted)).

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Michelle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART AND*
*DISMISSED IN PART*